**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

THE BANK OF NEW YORK MELLON,

Plaintiff,

v.

MESA HOMEOWNERS ASSOCIATION, et al.,

Defendants.

Case No.:  2:16-cv-01239-RFB-DJA

**ORDER**

## I.    INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No. 67. For the following reasons, the Court grants this motion.

## II.   PROCEDURAL BACKGROUND

The Bank of New York Mellon ("BNYM") filed its complaint against SFR, Alessi & Koenig, LLC, Mesa Homeowners Association, and Nevada Association Services, Inc. on June 3, 2016.  ECF No. 1. On March 7, 2019, SFR answered and asserted crossclaims against Charles A. Mann and counter-claims against BNYM. ECF No. 46. On April 19, 2019,  Mann was served with SFR's crossclaims. ECF No. 51. On July 9, 2019 SFR filed a Motion for Clerk's Entry of Default as to Charles A. Mann and it was entered on July 10, 2019. ECF Nos. 52, 53. SFR filed a Motion for Default Judgment against Charles A. Mann on July 12, 2019; however, this case was stayed pending the result of a Nevada Supreme Court decision; therefore, all pending motions were denied without prejudice. ECF Nos. 54, 65. On May 21, 2020, SFR filed another Motion for Default Judgment against Charles A. Mann and no opposition was filed. ECF Nos. 67, 70. On December 7, 2020, parties stipulated to dismiss all claims with prejudice which was granted on December 8, 2020. ECF Nos. 77, 78.

## III.  LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal

Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## IV.    DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Charles A. Mann is warranted. The first and sixth factors favor granting default judgment because the Cross-Defendant failed to defend—or appear at all in this matter—since being served with the summons and the SFR's Answer to the Complaint. Mann's failure to appear for the past two years prejudices SFR by preventing it from determining injunctive relief against Mann. Further, Mann's failure to appear for a substantial period of time demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, Mann's failure to appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Mann. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are

1    meritorious.

2         Finally, there is no money at stake to counsel against the grant of default judgment. Thus,

3    the Court finds the <u>Eitel</u> factors favor the grant of default judgment against Cross-Defendant.

4    **V.    CONCLUSION**

5         **IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion

6    for Motion for Default Judgment (ECF No. 67) is GRANTED.

7         **IT IS FURTHER ORDERED** that the County Recorder for Clark County, Nevada is

8    directed to expunge the notice of lis pendens recorded by Defendant SFR Investments Pool 1, LLC

9    on the property located at 6947 Dancing Cloud Avenue, Henderson, NV 89011; APN 161-35-213-

10   111.

11        The Clerk of the Court is instructed to enter judgment accordingly and close this case.

12

13        DATED: <u>February 25, 2021</u>.

14                                                              _____

15                                                              **RICHARD F. BOULWARE, II**
                                                               **UNITED STATES DISTRICT JUDGE**

16

17

18

19

20

21

22

23

24

25

26

27

28